# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CHRISTOPHER GARDNER**                          **PLAINTIFF**

V.                  NO. 3:24-cv-95-DPM-ERE

**DAVID WEST**                                **DEFENDANT**

## ORDER

### I. Background

*Pro se* plaintiff Christopher Gardner, an inmate at the Cross County Detention Center ("Detention Cent") filed this lawsuit under 42 U.S.C. § 1983. *Docs. 1, 10*. Because Mr. Gardner's original and amended complaints were flawed, the Court postponed the screening process to provide him an opportunity to file a second amended complaint clarifying his constitutional claims. *Doc. 11*. Mr. Gardner has now filed a second amended complaint. *Doc. 14*.

In his second amended complaint, Mr. Gardner names two additional individuals as Defendants, as well as several Doe Defendants, alleging that they failed to provide him medical care. However, Mr. Gardner sues Defendants in their official capacity only, and one of the medical deliberate indifference claims he raises occurred after he filed this lawsuit. Accordingly, the Court will provide Mr. Gardner one more opportunity to file an amended complaint clarifying his constitutional claims.

## II. Pleading Deficiencies

### A. Official Capacity Claims

In his second amended complaint, Mr. Gardner sues Defendants in their official capacity only. *Doc. 14 at 2*. Mr. Gardner's official capacity claims against Defendants are treated as claims against Cross County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). A county cannot be held vicariously liable under § 1983 for the actions of county employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, a county can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633.

Mr. Gardner's second amended complaint fails to allege that he suffered any injury as the result of an unconstitutional Cross County custom or policy. As a result, he has failed to state a plausible constitutional claim for relief against Defendants in their official capacity.

### B. Events Occurring after this Lawsuit Initiated

In his second amended complaint, Mr. Gardner alleges that, on June 14, 2025[sic], Defendants Tex, Matt, Jordan, DJ, and Patricia failed to test his blood sugar and failed to provide him medication for his low blood sugar. *Doc. 14 at 6*.

This claim arose *after* Mr. Gardner filed this lawsuit on June 3, 2024. *Doc. 1*. The Prison Litigation Reform Act requires inmate plaintiffs to fully exhaust their administrative remedies *before* filing a lawsuit.[1] There is no way that Mr. Gardner could have exhausted his administrative remedies as to the events of June 14th before he filed this lawsuit.

In addition, Mr. Gardner may not pursue, in the same lawsuit, unrelated claims against multiple defendants arising from alleged unconstitutional conduct occurring at different time periods. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants").[2]

### III. Guidelines for Filing Amended Complaint

Mr. Gardner has thirty days to file a third amended complaint. If Mr. Gardner files a second amended complaint, he should: (1) specify the capacity in which he sues each Defendant; (2) specifically identify each individual who was deliberately

---

[1] See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, It 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

[2] Mr. Gardner is free to pursue unrelated claims by filing one or more new lawsuits.

indifferent to his medical needs; (3) explain how each named Defendant was aware of his need for medication or treatment and failed to provide him that medication or treatment; (4) describe how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct; and (5) state when the alleged unconstitutional conduct occurred.

Mr. Gardner's third amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc*., 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Gardner should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Gardner should not rely upon, or incorporate by reference, any allegations made in his original or amended complaints. In other words, Mr. Gardner's third amended complaint, if filed, will stand alone.

Finally, in his third amended complaint, Mr. Gardner need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

## IV. Conclusion

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Mr. Gardner may file a third amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Gardner fails to file a third amended complaint, the Court will screen the second amended complaint, which is likely to result in the dismissal of Mr. Gardner's claims.

3. The Clerk is instructed to provide Mr. Gardner a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 16 July 2024.

_____
UNITED STATES MAGISTRATE JUDGE