IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CHRISOPHER GARDNER**                                                                 **PLAINTIFF**

V.                                        NO. 3:24-cv-95-DPM-ERE

**DAVID WEST**, *et al*.                                                               **DEFENDANTS**

RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.     Background:**

On June 3, 2024, *pro se* plaintiff Christopher Gardner, an inmate at the Cross County Detention Center ("Detention Center"), filed this lawsuit under 42 U.S.C. § 1983. *Doc. 1*.

Mr. Gardner's original complaint alleged that: (1) Detention Center officials failed to provide him insulin or test his blood sugar on unspecified dates; (2)

Detention Center officials verbally harassed him; (3) the conditions of his confinement were unconstitutional; and (4) during an earlier incarceration in 2020, Detention Center staff members failed to notify him for ten days that his mother had passed. *Doc. 1*. Mr. Gardner sued Sheriff West in both his individual and official capacities seeking monetary damages. However, Mr. Gardner failed to allege that Sheriff West personally violated his constitutional rights.

On June 27, 2024, Mr. Gardner filed an amended complaint. *Doc. 10*. Mr. Gardner raised the same claims included in his original complaint in his amended complaint.

On June 28, 2024, the Court entered an Order explaining to Mr. Gardner the problems with his original and amended complaints but giving him an opportunity to file a second amended complaint clarifying his constitutional claims. *Doc. 11*.

On July 15, 2024, Mr. Gardner filed a second amended complaint. *Doc. 14*. Mr. Gardner's second amended complaint adds Matt ("Tex") Weurauter, Mallory West, and several Doe Defendants as additional Defendants and contends they failed to provide him medical care.[1] However, Mr. Gardner sues Defendants in their official capacities only, and one of the medical deliberate indifference claims he raises occurred after he filed this lawsuit.

---

[1] Mr. Gardner's second amended complaint does not identify Sheriff David West as party Defendant.

2

On July 17, 2024, the Court entered an Order explaining to Mr. Gardner the problems with his second amended complaint but giving him an opportunity to file a third amended complaint clarifying his constitutional claims. *Doc. 15*.

To date, Mr. Gardner has not filed a third amended complaint, and the time to do so has passed. *Id*. The Court will therefore screen Mr. Gardner's second amended complaint, as required by 28 U.S.C. § 1915A.

### III. <u>Discussion</u>:

#### A. **Screening**

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

### B.   Official Capacity Claims

In his second amended complaint, Mr. Gardner sues Defendants Matt Weurauter, Mallory West, and the Doe Defendants in their official capacities only. *Doc. 14 at 2*. Mr. Gardner's official-capacity claims are claims against Cross County, Defendants' employer. *Brewington v. Keener,* 902 F.3d 796, 800 (8th Cir. 2018). Cross County cannot be held vicariously liable under § 1983 for the acts of county employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)).

Although not automatically legally responsible for constitutional violations committed by employees, Cross County can face § 1983 liability when its own policies, customs, or practices cause constitutional deprivations. *Brewington,* 902 F.3d at 801-02; *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699-700 (8th Cir. 2016). But Mr. Gardner's second amended complaint contains no allegations suggesting that a Cross County policy, practice, or custom caused his injury. As a result, he has failed to plead a plausible official-capacity claim.

### C.   Events Occurring after this Lawsuit Initiated

In his second amended complaint, Mr. Gardner alleges that, on June 14, 2025[sic], Defendants Tex, Matt, Jordan, DJ, and Patricia failed to test his blood sugar and failed to provide him medication for his low blood sugar. *Doc. 14 at 6*. This claim arose *after* Mr. Gardner filed this lawsuit on June 3, 2024. *Doc. 1*. The

Prison Litigation Reform Act requires inmate plaintiffs to fully exhaust their administrative remedies *before* filing a lawsuit.[2] There is no way that Mr. Gardner could have exhausted his administrative remedies as to the events of June 14th before he filed this lawsuit.

In addition, Mr. Gardner may not combine legally and factually unrelated claims against multiple defendants in one lawsuit. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants"). But Mr. Gardner is free to file multiple lawsuits.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Gardner's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Court recommend that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certify that an in forma pauperis

---

[2] See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, It 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

appeal of this dismissal would be frivolous and not taken in good faith.

3. The Clerk be instructed to close this case.

DATED 27 August 2024.

_____
UNITED STATES MAGISTRATE JUDGE